IN THE UNITED STATES DISTRICT COURT.
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NADINE BYRD, as the personal representative of the Estate of Ronald Byrd, deceased;<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>Defendant. | **8:18CV36**<br><br>**MEMORANDUM AND ORDER** |

This court previously held that Union Pacific is entitled to sanctions in five separate cases, including the above-captioned action. See, Byrd v. UPRR, 8:18-cv-36-CRZ; Jones v. UPRR, 8:18-cv-178-JFB-CRZ; Reynolds v. UPRR, 8:18-cv-303-JFB-CRZ; Edgett v. UPRR, 8:18-cv-407-JFB-CRZ; Rhone v. UPRR, 8:18-cv-00597-JFB-CRZ. These sanctions orders arose from the plaintiffs' failure to timely comply with this court's order requiring each plaintiff to show that he or she was duly appointed as the personal representative or administrator of his or her respective decedent plaintiff's estate. Prior to their death, each of the decedents were employees of Union Pacific. As to all five cases, the plaintiffs are represented by the same attorney.

As to each of the five cases, the court's orders imposed sanctions and stated that upon receiving Defendant's itemized fee application, or a stipulation of the parties as to the fees owed, the court would award attorney fees to the defendant for conducting discovery and filing a motion as to the plaintiffs' lack of capacity to sue. For the above-captioned case, Union Pacific submits a fee application totaling $1,060.00. Plaintiff Byrd "does not oppose the Application for

work performed on May 20th and 21st, 2019 totaling $920.00," but "objects to the billing for June 10, 2019 ("Research case law on the issue of sanction of dismissal in cases where plaintiff lacks standing and on cases cited by Plaintiff in response brief in assisting in drafting reply brief) inasmuch as it is duplicative of other worked performed by the Defendant in other cases." ([Filing No. 48](#)). Plaintiff's counsel "requests that the Court allow for limited discovery on the issue of redundant work product and duplicative billings." ([Filing No. 48, at CM/ECF p. 1](#)).

The court will not permit discovery on the issue of whether Union Pacific performed redundant work, particularly where Plaintiff's counsel is already struggling to timely perform the discovery needed on the underlying substantive claims.

Plaintiff challenges a single billing entry of .7 hours by a supervising partner at a billing rate of $200 per hour. (See [Filing No. 47, at CM/ECF p. 10](#)). The court finds this minimal additional review and research time by the supervising partner on this case, and the billing rate of that partner, was abundantly reasonable.[1] As requested, the court will award $1,060.00 to Union Pacific for the time spent in motion practice on the issue of capacity to sue.[2]

Accordingly,

---

[1] Based on recent fee applications, attorney billing rates for experienced litigators in Nebraska ranges from $250 to $350 per hour.

[2] The court permitted Union Pacific to request its fees incurred in performing discovery on the capacity to sue issue. Union Pacific is not requesting fees for discovery, explaining its time entries do not facilitate an accurate calculation of time spent on discovery for that specific issue.

IT IS ORDERED that for the reasons stated in the court's prior order, (Filing No. 44), Union Pacific's motion, (Filing No. 47), is granted, and

1) Union Pacific is awarded attorney fees totaling $1,060.00 as sanctions for the conduct of Plaintiff (or Plaintiff's counsel) in filing a lawsuit for a deceased person when Plaintiff lacked the capacity to do so, falsely stating in the complaint that the filing person was the decedent plaintiff's personal representative, and then, without any explanation, failing to timely correct the plaintiff's filing status when ordered to do so.

2) The sanctions amount assessed herein shall be paid to Union Pacific on or before November 7, 2019.

October 7, 2019

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge